# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff/Respondent, | |
| v. | No. 14-20140-01-JAR |
| JOHN MICHAEL DEVOSHA, | |
| Defendant/Petitioner. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner John Michael Devosha's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 40). The government has responded.[1] For the reasons explained in detail below, the Court dismisses in part and denies in part Devosha's motion without an evidentiary hearing.

## I.  Factual and Procedural Background

On December 18, 2014, Devosha was charged by indictment with attempted carjacking, in violation of 18 U.S.C. § 2119(1); carjacking, in violation of 18 U.S.C. § 2119(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[2] On May 13, 2015, Devosha was charged in a superseding indictment with the same three counts, plus two counts charging him with carrying, using, and possessing a firearm during and in relation to and in furtherance of a crime of violence, that is, the attempted carjacking and carjacking, in violation of 18 U.S.C. § 924(c).[3]

---

[1]Doc. 42.

[2]Doc. 1.

[3]Doc. 19.

In a previous case, on September 25, 2013, Devosha was charged in a separate case in this District with two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), based on conduct that occurred in December 2012 and May 2013.[4] Devosha pleaded guilty to Count One pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement to 120 months' imprisonment, and was sentenced to 120 months' in accordance with the terms of the plea agreement.[5]

Devosha subsequently pleaded guilty to Count Two, carjacking, and Count Five, carrying, using, and possessing a firearm during and in relation to and in furtherance of a crime of violence.[6] The factual basis of the plea agreement states as follows:

> On September 25, 2013, the defendant was charged by indictment with two counts of possession of a firearm by a convicted felon (case number 13-20100-KHV). The United States Marshals Service began actively looking for Devosha in October 2013.
>
> On October 22, 2013, Devosha was driving a stolen black 2003 Ford F350 truck when Devosha struck a Nissan Sentra with two occupants at the intersection of 59th Street and Leavenworth Road in Kansas City, Kansas. Devosha continued to drive the wrecked Ford truck a short distance until it became disabled. Devosha got out of the truck and ran away while the truck was still moving. Jerrold Harris, a passenger in the stolen truck, got into the driver's seat and attempted to stop the truck. The truck eventually stopped a short distance away near 3031 North 62nd Street in Kansas City, Kansas. Witnesses reported seeing two additional subjects get out of the truck after it stopped. Kansas City, Kansas Police Department (KCKPD) officers later arrested these two subjects.
>
> After Devosha got out of the stolen truck, he ran to a 1997 silver, 4-door Buick LeSabre driven by J. Scarborough. Devosha tapped on Scarborough's passenger window with a black revolver, pointed the revolver at Scarborough, and motioned to let him in the vehicle. Scarborough was afraid for his safety and drove away. At approximately 2:30 p.m. (just seconds after Devosha attempted to carjack Scarborough), Devosha then approached a 2002 black Cadillac Deville driven by M. Humphrey. Humphrey's car was stopped due to traffic congestion caused by Devosha's prior accident in the Ford truck and Devosha's attempted carjacking of

---

[4]*See United States v. Devosha*, D. Kan. Case No. 13-20100-KHV, Doc. 1.

[5]*See id.,* Docs. 13, 24. Defendant's present § 2255 motion does not challenge his conviction in that case.

[6]Doc. 27.

Scarborough's vehicle. Devosha used the handle of a firearm to break the front passenger window of Humphrey's car. Devosha got into Humphrey's passenger seat and pointed a firearm at Humphrey. Devosha ordered Humphrey to "drive off fast" from the scene. Devosha actually touched Humphrey with the tip of his firearm. Humphrey began to drive away from the scene when Devosha pushed her out of the driver's door in the direction of oncoming traffic. Devosha then entered the driver's seat of Humphrey's vehicle and drove away. Humphrey suffered a sprained ankle as a result of Devosha pushing her from the moving vehicle. When she got out of the road after being pushed by Devosha, Humphrey collapsed due to ankle pain.

Humphrey positively identified Devosha from a six-person lineup as the individual who committed the carjacking. Scarborough identified a photograph of Devosha, along with a photograph of a second white male, stating that these two individuals both resembled the person who committed the attempted carjacking. The following witnesses to the carjacking provided information to KCKPD: (1) Ms. S. was driving eastbound on Leavenworth Road with her cousin, T.M. Ms. S. saw a white male in his late 20s, 5' 6", blondish/brownish hair, with a tattoo on his face with a firearm in his hand. The white male pushed the driver's side door open and then pushed out Ms. Humphrey, causing her to stumble. (2) Mr. M saw a white male in his 20s, with blondish/brownish short hair, a teardrop tattoo under his right eye, wearing a black hoodie, holding a black/silver revolver domineering an elderly black female (Humphrey) in Humphrey's vehicle. According to Mr. M, it appeared as though the white male pointed the handgun at Ms. Humphrey before he pushed her out of the vehicle.

At approximately 3:15 p.m., KCKPD dispatch received a 911 call from an individual at 4628 Metropolitan Avenue in Kansas City, Kansas. The individual reported to police that John Michael Devosha had just left the residence at 4628 Metropolitan Avenue in Kansas City, Kansas after dumping a stolen vehicle on the property. At the request of dispatch, the individual walked to a wooded area in the backyard to identify the stolen vehicle. The individual identified the stolen vehicle as a Cadillac with a broken window. The individual stated that the engine was still running. The individual further stated that Devosha admitted to others in the house (persons later identified by the police) that he had just robbed an "old lady" of the car.

DNA swabs were taken from the interior of Humphrey's stolen vehicle. These DNA swabs were compared with the known DNA of Devosha. The comparison showed DNA deposited on the steering wheel and middle console of Humphrey's stolen vehicle matched the known DNA profile of Devosha. The estimated frequency of selecting an unrelated individual in the general population with the same DNA profile is 1 in 1 sextillion for the DNA on the middle console and 1 in 13 quintillion for the DNA deposited on the steering wheel.

On October 25, 2013, Devosha was arrested by the Pottawatomie Tribal Police in Jackson County, Kansas after a high-speed chase. During the course of the chase, officers observed an object thrown from the passenger window of the vehicle driven by Devosha. Officers recovered a firearm from the same area where they had seen Devosha or a passenger, later identified as Latisha Hare (now deceased), throw a firearm. A comparison of Devosha's known DNA with that of DNA deposited on the firearm shows Devosha cannot be excluded as the source of the major STR DNA profile from the sample deposited on the firearm.[7]

Under the terms of the Rule 11(c)(1)(C) plea agreement, the parties agreed to recommend a sentence of:

(a) 120 months in prison on the 18 U.S.C. § 2119 Count, **to be served consecutively with the term of imprisonment imposed in D. Kan. case number 13-20100-KHV**;

(b) 60 months in prison in on the 18 U.S.C. § 924(c)(1)(A) Count, **to be served consecutively with the term of imprisonment imposed on the 18 U.S.C. § 2119 Count, and to be served consecutively with the term of imprisonment imposed in D. Kan. case number 13-20100**.[8]

A Presentence Investigation Report ("PSIR") was prepared in anticipation of sentencing.[9] Devosha's total offense level on the carjacking count was calculated at 27; with a criminal history category of VI, his Guideline range was 130 to 162 months' imprisonment.[10] Per U.S.S.G. § 2K2.4, the PSIR calculated the 60-month statutory minimum on the § 924(c) charge, to be served consecutively to the term of imprisonment imposed in the carjacking count.[11] The Court imposed a 120-month sentence on the carjacking count and a 60-month sentence on the

---

[7] Doc. 29 at 2–3.

[8] *Id.* at 3–4 (emphasis in original).

[9] Doc. 32.

[10] *Id.* ¶¶ 38, 78.

[11] *Id.* ¶ 39.

4

§ 924(c) count, both to be served consecutively with the term of imprisonment imposed in the District of Kansas case number 13-20100-KHV, in accordance with the terms set forth in the rule 11(c)(1)(C) plea agreement.[12]

Devosha did not file a direct appeal. This timely § 2255 motion followed.[13]

## II. Standard

Section 2255 entitles a federal prisoner to relief if the court finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[14] The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[15] A § 2255 petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[16] An evidentiary hearing is not necessary where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[17]

The Sixth Amendment guarantees that "[i]n all criminal prosecution, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."[18] A successful claim of

---

[12] Doc. 37.

[13] 28 U.S.C. § 2255(f).

[14] 28 U.S.C. § 2255(b).

[15] *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255(b)).

[16] *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009).

[17] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996) ("The allegations must be specific and particularized, not general or conclusory."); *United States v. Fisher*, 38 F.3d 1143, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that are merely conclusory in nature and without supporting factual averments).

[18] U.S. Const. amend. VI; *see generally Kansas v. Ventris*, 556 U.S. 586 (2009).

ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v. Washington*.[19] First, a defendant must show that his counsel's performance was deficient in that it "fell below an objective standard of reasonableness."[20] To meet this first prong, a defendant must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[21] This standard is "highly demanding."[22] Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[23] In all events, judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[24] Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error, and "every effort should be made to 'eliminate the distorting effects of hindsight.'"[25]

Second, a defendant must also show that his counsel's deficient performance actually prejudiced his defense.[26] To prevail on this prong, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[27] "A reasonable probability is a probability sufficient to undermine

---

[19]466 U.S. 668 (1984).

[20]*Id.* at 688.

[21]*Id.* at 690.

[22]*Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[23]*Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted).

[24]*Strickland*, 466 U.S. at 687.

[25]*Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

[26]*Strickland*, 466 U.S. at 687.

[27]*Id.* at 694.

confidence in the outcome."[28] This, in turn, requires the court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[29]

A defendant is entitled to the effective assistance of counsel during plea negotiations.[30] "The performance prong of *Strickland* requires a defendant to show that counsel's representation fell below an objective standard of reasonableness."[31] To show prejudice in the guilty plea context, the defendant must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial."[32]

In all events, a defendant must demonstrate both *Strickland* prongs to establish a claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[33] "The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'"[34]

## III. Discussion

### A. Failure to File Motion to Dismiss Superseding Indictment

Devosha first contends that his counsel was ineffective for failure to seek dismissal of the Superseding Indictment because it was filed based on prosecutorial vindictiveness. Devosha argues that the government added additional charges in a Superseding Indictment during the

---

[28]*Id.*

[29]*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[30]*Lafler v. Cooper,* 566 U.S. 156, 162–63 (2012).

[31]*Id.* at 163 (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)) (internal quotation marks omitted).

[32]*Heard v. Addison*, 728 F.3d 1170, 1182 (10th Cir. 2013) (quoting *Hill*, 474 U.S. at 59).

[33]*Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

[34]*Id.* (quoting *Strickland*, 466 U.S. at 697); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

course of plea negotiations "in order to insure [sic] that he received a harsher sentence."[35] Specifically, Devosha contends that when the prosecutor learned that his counsel would seek a concurrent sentence to the sentence in D. Kan. 13-20100-KHV pursuant to U.S.S.G. § 5G1.3(b), she sought a Superseding Indictment adding two § 924(c) charges, which require a sentence consecutive to any other term of imprisonment.[36]

Typically, to succeed on a claim of vindictive prosecution, the defendant bears the burden and "must establish either (1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness."[37] The Tenth Circuit defined the inquiry as "whether the prosecution engaged in conduct that would not have occurred but for the prosecution's desire to punish the defendant for exercising a specific legal right."[38] If the defendant proves either element, the burden shifts to the government to justify its prosecutorial decision based on "legitimate, articulable, objective reasons. If the defendant fails to prove either element, the trial court need not address the government's justification for its prosecutorial decision. Merely by the appearance of vindictive motives, vindictiveness may not be presumed."[39]

However, the law distinguishes between prosecutorial vindictiveness occurring before trial and after trial. In *Bordenkircher v. Hayes*, the Supreme Court rejected any presumption of

---

[35]Doc. 40 at 11.

[36]U.S.S.G. § 2K2.4 (for a first conviction under 18 U.S.C. § 924(c), the statutory penalty is at least five years but not more than Life, to be served consecutively to any other term of imprisonment imposed).

[37]*United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991) (citing *United States v. Goodwin*, 457 U.S. 368, 374, 376, 380–81, 384 & n.19 (1982)).

[38]*United States v. Sarracino*, 340 F.3d 1148, 1177, 1178 (10th Cir. 2003).

[39]*Id.* (internal quotations and citations omitted); *see also United States v. Tucker*, 298 F. App'x 794, 800 (10th Cir. 2008).

prosecutorial vindictiveness in the pre-trial setting of plea negotiations.[40] Under that case, "the presumption is without application when a prosecutor offers a defendant a chance to plead guilty or face more serious charges, provided the prosecutor has probable cause on the more serious charges and the defendant is free to accept or reject the offer."[41] "[A] prosecutor has full discretion to file additional charges—even relying on the same evidence—'based on' a defendant's decision to go to trial."[42] As the Supreme Court has noted,

> [a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct. As we made clear in *Bordenkircher*, the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution.[43]

Here, Devosha bases his vindictive prosecution claim on the prosecutor's opting to add additional charges in the pretrial setting during plea negotiations, after his counsel argued that any sentence should run concurrent to the sentence imposed in D. Kan. 14-20100-KHV. A presumption of vindictiveness is not warranted as a matter of law by the events preceding the Superseding Indictment, as Devosha has not identified a protected right supporting an inference of vindictiveness.[44] As the Supreme Court explained,

> [t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is "patently unconstitutional." But in the "give-and-take" of plea bargaining,

---

[40] 434 U.S. 357, 363–64 (1978).

[41]*Raymer*, 941 F.3d at 1040 (citing *Bordenkircher*, 434 U.S. at 363–64).

[42]*United States v. Reeves*, 450 F. App'x 740, 743 (10th Cir. 2011) (citing *Sarracino*, 340 F.3d at 1178).

[43]*United States v. Goodwin*, 457 U.S. 368, 382 (1982) (footnotes omitted); *see also Sarracino*, 340 F.3d at 1177–78; *Reeves*, 450 F. App'x at 742–43.

[44]*See United States v. Lampley*, 127 F.3d 1231, 1245 (10th Cir. 2005) (rejecting vindictive prosecution claim that government's additional charge of § 924(c) count in superseding indictment following failed plea negotiations was a violation of due process).

there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.[45]

Examples of punishment after a defendant exercises such a protected right include imposition of a more severe penalty after retrial where a defendant successfully challenged a conviction,[46] or where a prosecutor "ups the ante" by filing felony charges when a convicted misdemeanant exercises his statutory appellate right to trial *de* novo.[47] By contrast, asserting an argument regarding application of the Sentencing Guidelines as part of plea negotiations does not constitute exercise of a constitutional or statutory right. Instead, filing additional § 924(c) charges was based on the government's evaluation of the evidence and pertinent law and constitutes "an exercise of prosecutorial discretion which cannot support a presumptive inference of vindictiveness."[48]

Nor has Devosha presented specific allegations of actual vindictiveness. The record provides no evidence of improper conduct by the prosecution in charging and negotiating with Devosha. "A prosecutorial decision is not vindictive if it is based upon the normal factors ordinarily considered in determining what course to pursue."[49] In this case, Devosha's assertion that the prosecutor indicated she intended to seek a superseding indictment "to insure the defendant received a harsher sentence" is baseless because the government offered the same plea agreement before and after the superseding indictment was filed: a Rule 11(c)(1)(C) plea agreement of fifteen years, to be served consecutively to the term of imprisonment imposed in D.

---

[45]*Bordenkircher*, 434 U.S. at 363 (internal citations omitted).

[46]*North Carolina v. Pearce*, 395 U.S. 711, 726 (1969).

[47]*Blackledge v. Perry*, 417 U.S. 21, 27–29 (1974).

[48]*United States v. Raymer*, 941 F.2d 1031, 1043 (10th Cir. 1991) (citing *Goodwin*, 357 U.S. at 380; *Bordenkircher*, 434 U.S. at 364–65).

[49]*See Angelos v. United States*, No. 2:02-CR-708-PGC, 2008 WL 5156602, at *12 (D. Utah Dec. 8, 2008) (quoting *Raymer*, 941 F.2d at 1042)) (collecting cases).

Kan. Case No. 13-20100-KHV. Further, as the government notes, the firearm used to commit the carjacking offenses was never recovered and the government took time to determine whether § 924(c) charges could be supported under these circumstances. Moreover, as explained below, Devosha's agreed-upon fifteen-year sentence was below the applicable Guideline range for the charges to which he pleaded guilty and well below the sentence he would have received had he pleaded guilty to the charges in the original indictment. Finally, Devosha's suggestion that the government's use of bold-face type in the plea agreement when outlining the consecutive term of imprisonment demonstrates vindictiveness is without merit. As the government notes, the terms of the simultaneous convictions were unusual and the bold type was meant to direct both Devosha's and the Court's attention to this portion of the agreement. Because Devosha cannot show either presumptive or actual vindictiveness, he cannot demonstrate that his counsel's performance in deciding not to move to dismiss the Superseding Indictment fell "outside the wide range of professionally competent assistance."[50]

Nor can Devosha demonstrate he was prejudiced by counsel's decision not to move to dismiss the Superseding Indictment, as his Rule 11(c)(1)(C) plea agreement for an agreed-upon sentence of fifteen years' total imprisonment was well below the sentence he would have received had he pleaded to the charges in the original Indictment. Specifically, based on charges of carjacking, attempted carjacking, and possession of a firearm by a convicted felon, Devosha would likely have been subject to a six-level enhancement under U.S.S.G. § 2B3.1(b)(2) because he "otherwise used" a firearm to smash the victim's passenger door window of her vehicle before he entered the vehicle and pointed the firearm at her.[51] Thus, Devosha's total offense

---

[50]*Strickland v. Washington*, 466 U.S. 668, 690 (1984).

[51]Doc. 29 at 2–3.

calculation would have been 33; with a criminal history category of VI, his Guideline range would have been 235–293 months.[52]

Moreover, the sentence for carjacking and attempted carjacking could not have been imposed concurrently to the sentence imposed in D. Kan. Case No. 13-20100-KHV. Under U.S.S.G. § 5G1.3, the term of imprisonment should be imposed concurrently if the conduct at issue is "relevant conduct" as defined in § 1B1.3.[53] As the government points out, because carjacking is excluded under the grouping rules of § 3D1.2(d), it could only be considered relevant conduct to Devosha's conduct in D. Kan. Case No. 14-20100-KHV if the carjacking and attempted carjacking were committed "during the commission of the [prior conduct], or in the course of attempting to avoid detection or responsibility for the [prior conduct]."[54] The conduct in D. Kan. Case No. 13-20100-KHV occurred in December 2012 and May 2013, whereas the attempted carjacking and carjacking in this case occurred in October 2013. While Devosha contends that he knew he was under indictment for the previous conduct, which apparently caused him to commit an attempted carjacking and carjacking even though he was not being pursued by the police at that time, the Court agrees with the government that there is no authority that the Sentencing Commission intended for the relevant conduct provision to apply under such attenuated circumstances. Accordingly, Devosha was not prejudiced by his counsel's decision not to move to dismiss the Superseding Indictment, and this claim must be denied.

---

[52]The calculation would have been: base offense level 20 (§ 2B3.1, offense 18 U.S.C. § 2119(1)); six-level enhancement (§ 2B3.1(b)(2)(B), firearm otherwise used); two-level enhancement (§ 2B3.1(b)(3)(A), victim sustained bodily injury); four-level enhancement (§ 2B3.1(b)(4)(a), person abducted to facilitate commission of the offense or escape); two-level enhancement (§ 2B3.1(b)(5) offense involved carjacking); two-level enhancement (§ 3C1.1, obstruction of justice); three-level reduction (§ 3E1.1(a & b), acceptance of responsibility). *See* PSIR, Doc. 32, ¶¶ 27–38.

[53]*See* U.S.S.G. § 5G1.3(c) (2015).

[54]*See* U.S.S.G. § 1B1.3(a)(1) (2015).

**B. Section 924(c)**

Devosha pleaded guilty to 18 U.S.C. § 924(c)(1)(A), which prohibits using or carrying a firearm during "any crime of violence." For purposes of § 924(c), "crime of violence" means an offense that is a felony and if it fits one of § 924(c)(3)'s two definitions:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[55]

Courts commonly refer to subsection (A) as the "elements" clause and subsection (B) as the "residual" clause.[56]

Devosha challenges his § 924(c) conviction on the grounds that federal carjacking is not a crime of violence in light of *Johnson v. United States*, where the Supreme Court held the residual clause of § 924(e)(2)(B)(ii) is unconstitutionally vague.[57] While Devosha's motion was pending, the Court issued *Sessions v. Dimaya*, where it struck down the residual clause in 18 U.S.C. § 16(b) as unconstitutionally vague under the rule announced in *Johnson*.[58] The Tenth Circuit has determined that the residual clause in § 924(c)(3)(B), which contains language identical to § 16(b), is also unconstitutional.[59]

The government argues that Devosha's collateral attack of his § 924(c) conviction based upon *Johnson* and its progeny falls within the scope of the appellate waiver provision in the plea agreement. In the agreement, Devosha waived the right to challenge his sentence in a collateral

---

[55] 18 U.S.C. § 924(c)(3) (A–B).

[56] *See, e.g. In re Jeffrey Smith*, 829 F. 3d 1276, 1278–79 (11th Cir. 2016).

[57] 135 S. Ct. 2551, 2563 (2015).

[58] 138 S. Ct. 1204, 1223 (2018).

[59] *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018).

attack under § 2255, except as limited by *United States v. Cockerham*,⁶⁰ 18 U.S.C. § 3582(c)(2), and a motion brought under Fed. R. Civ. P. 60(b).⁶¹ The government seeks to enforce this waiver.

Generally, a knowing and voluntary waiver of § 2255 rights is enforceable.⁶² The Court considers, however, whether enforcing the waiver will result in a "miscarriage of justice."⁶³ The Tenth Circuit recently held that a *Johnson*-based sentencing challenge would not entail a miscarriage of justice.⁶⁴ In this case, Devosha agreed to relinquish his right to collaterally attack any sentence imposed in accordance wit this Rule 11(c)(1)(C) plea agreement, which includes any challenge under *Johnson*.⁶⁵ Devosha's challenge to the use of carjacking as a predicate crime of violence under § 924(c) is a challenge to the lawfulness of his sentence, not to the lawfulness of his waiver. As such, it does not support a finding that enforcement of the waiver would result in a miscarriage of justice.⁶⁶ Devosha entered into his collateral-challenge waiver knowingly and voluntarily, and "although the Supreme Court changed the law in *Johnson*, this change did not render defendant's waiver itself unlawful."⁶⁷ Accordingly, the Court enforces Devosha's collateral challenge waiver.

---

⁶⁰237 F.3d 1179, 1187 (10th Cir. 2001).

⁶¹Doc. 29 at 6–7.

⁶²*United States v. Frazier-LeFear*, 665 F. App'x 727, 729 (10th Cir. 2016) (citing *Cockerham*, 237 F.3d at 1183).

⁶³*Id.* (citing *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004)).

⁶⁴*See Frazier-LeFear*, 665 F. App'x at 731–32 (noting that the miscarriage of justice "exception is implicated only when the asserted legal error concerns the waiver itself, rather than some other aspect of the proceedings such as the determination of the defendant's sentence[ ] . . .").

⁶⁵*Id.* at 732 ("The fact that [Ms. Frazier-LeFear's] relinquishment of this right results in the lost opportunity to raise a constitutional challenge under *Johnson* reflects the natural operation, not the invalidity, of the waiver.").

⁶⁶*Id.*

⁶⁷*United States v. Kamphaus*, No. 09-20054-CM, 2017 WL 1316887, at *2 (D. Kan. Apr. 7, 2017).

Even without the waiver, however, Devosha would be ineligible for relief. The Tenth Circuit recently explained in a similar § 2255 habeas action involving carjacking as a predicate crime of violence to a § 924(c) charge that even though § 924(c)(3)(B) is unconstitutionally vague, because the residual clause only defines "crime of violence" and does not actually prohibit or punish any conduct, "the central question is whether [defendant] actually committed the offense of § 924(c)(1)(A)."[68] The court concluded the defendant did so "because armed carjacking is still a 'crime of violence' under § 924(c)(3)(A)."[69] The court held that "intimidation under the carjacking statute also requires the use of physical force," and thus it is not reasonably debatable that is carjacking qualifies as a crime of violence under the elements or force clause in § 924(c)(3)(A).[70]

Devosha's related claim that counsel was ineffective because counsel should have sought a third continuance of the sentencing hearing and filed a brief challenging the constitutionality of § 924(c) is likewise unavailing. As Devosha concedes, at the time he was sentenced, counsel kept him abreast of the legal landscape regarding a conviction under § 924(c) with carjacking as the predicate crime of violence. Devosha cannot show that he was prejudiced by the decision to move forward with his sentencing hearing, as the Tenth Circuit has now decided the issue unfavorably to his claim. Because Devosha cannot show "there is a reasonable probability that,

---

[68] *United States v. Kundo*, 743 F. App'x 201, 203 n.3 (10th Cir. 2018).

[69] *Id.* (citing *United States v. Morgan*, 748 F.3d 1024, 1034 (10th Cir. 2014) ("Whether a crime fits the § 924(c) definition of a 'crime of violence' is a question of law.")).

[70] *Id.* at *3 (10th Cir. July 27, 2018). Indeed, as the court noted, every circuit to decide the issue has so held; *see United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017) (finding armed carjacking qualifies as a crime of violence under § 924(c)(3)(A); *United States v. Jones*, 854 F.3d 737, 740–41 (5th Cir. 2017); *United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017) (same); *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016) (same).

but for [his] counsel's unprofessional error[ ], the result of the proceeding would have been different,"[71] this claim is also denied.

## IV. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.[72] A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."[73] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[74] For the reasons stated above, the Court finds that Devosha has not satisfied this standard and, therefore, denies a certificate of appealability as to its ruling on his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner John Michael Devosha's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 40) is **dismissed** with respect to his § 924(c) challenge and **denied** with respect to his ineffective assistance of counsel claims; Devosha is also denied an evidentiary hearing and a certificate of appealability.

**IT IS SO ORDERED.**

Dated: <u>February 15, 2019</u>

      S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[71]*Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[72]The denial of a § 2255 motion is not appealable unless a circuit justice or a district judge issues a certificate of appealability. Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[73]28 U.S.C. § 2253(c)(2).

[74]*Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).