## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 14-20140-JAR** |
| **JOHN MICHAEL DEVOSHA,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant John Michael Devosha's pro se Motion for 18 U.S.C. 3582 Reduction in Sentence and, Appointment of Counsel to Assist (Doc. 47), in which he moves for appointment of counsel to assist him in filing a forthcoming motion under 18 U.S.C. § 3582. The motion is fully briefed, and the Court is prepared to rule. For the following reasons, the Court denies the motion.

## I.      Background

The Superseding Indictment in this case charged Defendant with attempted carjacking, in violation of 18 U.S.C. § 2119(1); carjacking, in violation of 18 U.S.C. § 2119(1); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and two counts of carrying, using, and possessing a firearm during and in relation to and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c).[1]

On September 25, 2013, Defendant was charged in a separate case with two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[2] Defendant

---

[1] Doc. 19.

[2] Case No. 13-20100-KHV, Doc. 1.

pled guilty to one § 922(g)(1) count pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. Under the terms of the binding plea agreement, Defendant was sentenced to 120 months' imprisonment.[3]

Defendant subsequently pled guilty in this case to carjacking and one of the § 924(c) counts.[4]  This Court imposed a 120-month sentence on the carjacking count and a 60-month sentence on the § 924(c) count, both to be served consecutive to the 120-month term of imprisonment imposed by Judge Vratil in Case Number 13-20100-KHV.[5]

On February 15, 2019, the Court denied Defendant's Motion to Vacate Under § 2255.[6]

On November 28, 2023, the Court denied without prejudice Defendant's pending motion to the extent he sought relief under Amendment 821 to the United States Sentencing Guidelines.[7] The Court forwarded Defendant's motion to the Office of the Federal Public Defender ("FPD") to determine in the first instance whether he is eligible for relief under Amendment 821.  The FPD has not entered an appearance on Defendant's behalf.

## II.     Discussion

Because Defendant filed his motion pro se, the Court must liberally construe it.[8] Defendant labels his motion as both a motion to reduce sentence, and a motion to appoint counsel.  He spends several pages discussing Supreme Court decisions filed after his § 2255 motion was decided that he claims invalidate 18 U.S.C. § 922(g) as unconstitutional.  He also contends that §§ 922(g) and 924(c) exceed Congress's power under the Commerce Clause.  He

---

[3] *See id.*, Docs. 13, 24.

[4] Doc. 27.

[5] Doc. 37.

[6] Doc. 46.

[7] Doc. 48.

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

indicates that the governing cases are legally complex, and "[g]iven the imminence of his § 3582(c) motion, the Court should appoint counsel now to permit adequate time to prepare the motion which will require extensive research and briefing."[9]  He also indicates that he wishes to ask for compassionate release on the basis of abuse by a correctional officer and seeks assistance of counsel in filing information about this under seal.  Finally, Defendant refers to the recently-promulgated Amendment 821 to the United States Sentencing Guidelines.

Given the substance of Defendant's motion, the Court liberally construes it as a motion to appoint counsel to represent him on a forthcoming motion for compassionate release.  The Court does not construe his motion as seeking relief under § 3582.  Notwithstanding the title of the motion, it appears that Defendant contemplated filing a more extensive motion seeking relief after his request for counsel is ruled upon.

The Court denies Defendant's motion to appoint counsel to assist him with a compassionate-release motion, or other motion seeking to constitutionally challenge the statutes on which his conviction is based.  There is no constitutional right to counsel after direct appeal.[10] And Defendant fails to demonstrate that appointment of counsel is warranted here.  To the extent Defendant seeks to challenge the constitutionality of § 922(g)(1), he was not convicted under that statute in this case.  Additionally, the FPD has not entered an appearance on his behalf to argue that Defendant qualifies for relief under Amendment 821.[11]  Finally, the Court finds that counsel need not be appointed for Defendant to seek leave to file documents under seal in

---

[9] Doc. 47 at 9.

[10] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).

[11] *See* D. Kan. Standing Order No. 23-03 (appointing the Federal Public Defender for the District of Kansas "to represent any defendant previously determined to have been entitled to appointment of counsel, or who is now indigent, to determine whether that defendant may qualify to seek reduction of under  18 U.S.C. § 3582(c)(2) and the 2023 Criminal History Amendments to the Sentencing Guidelines" after reviewing case information from the Clerk's Office and the United States Probation office to determine whether particular defendants are eligible).

support of any forthcoming post-judgment motion for relief.  Accordingly, Defendant's motion to appoint counsel is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant John Michael Devosha's pro se Motion for 18 U.S.C. 3582 Reduction in Sentence and, Appointment of Counsel to Assist (Doc. 47), which the Court liberally construes as a motion to appoint counsel, is **denied**.

**IT IS SO ORDERED.**

Dated: April 15, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE